# UNITED STATES DISTRICT COURT
## for the
### District of Oregon

| | |
|---|---|
| United States of America<br>v.<br><br>William Grant Reuland<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:20-mj-00232<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 13, 2020__ in the county of __Multnomah__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 231(a)(3) | Civil Disorder - Intentionally Obstructing, Impeding, Interfering with Law Enforcement Officers Engaged in Official Duties |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Dominic Sanchez

☑ Continued on the attached sheet.

/s/ Dominic Sanchez
*Complainant's signature*

FBI Special Agent Dominic Sanchez
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __10:40__ a.m./p.m.

Date: September 4, 2020

*Judge's signature*

City and state: Portland, Oregon    Hon. Jolie A. Russo, U.S. Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:         AFFIDAVIT OF DOMINIC SANCHEZ

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Dominic Sanchez, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation and have been since November 2018.  My current assignment is on the Violent Crimes Squad which includes conducting robbery and human trafficking investigations, as well as investigations into other violations of federal law.  My training and experience includes over one thousand hours of training and over ten years of federal law enforcement experience.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for William Grant REULAND, for civil disorder in violation of 18 U.S.C. § 231(a)(3).  As set forth below, there is probable cause to believe, and I do believe, that REULAND shined a laser pointer in the faces of multiple law enforcement officers for the intended purpose of obstructing, impeding, or interfering in a violent manner with such law enforcement officers; that REULAND did so knowingly and willfully; and that REULAND did so during a civil disorder that adversely affected interstate commerce.

**Applicable Law**

3. Title 18 U.S.C. § 231(a)(3) provides that "whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to an during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce . . . shall be fined under this title or imprisoned not more than five years or both."  The term "civil disorder" means "any

public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual."

## Statement of Probable Cause

4.  The information stated herein is based on my own personal involvement in this investigation, as well as my discussions with other law enforcement officers involved in this investigation, and information I have read that is contained in written reports pertaining to this investigation. This affidavit does not include all facts known to me regarding this investigation but contains only those facts which I believe are sufficient to establish the requisite probable cause.

5.  On May 25, 2020, George Floyd died during his arrest by law enforcement officers in Minneapolis, Minnesota, sparking nationwide protests that eventually extended to Portland, Oregon. The protests have, at times, included violence, civil disorder, arson, and looting.

6.  On June 13, 2020, at approximately 10:00 p.m., a group of individuals congregated around the Multnomah County Justice Center (Justice Center) and proceeded to block traffic on SW Main St, outside of Portland Police Bureau's (PPB) Central Precinct. According to a PPB press release, a civil disturbance was declared and the crowd was given the opportunity to disperse and were warned if they did not do so, they were subject to arrest or force. The same press release stated that demonstrators were throwing projectiles at officers and lasers were being directed at officers as officers began dispersing the crowd just after 10:50 p.m.

7.      A PPB officer (Officer 1) was watching the crowd from the roof of the Justice Center and observed two individuals, one later identified as REULAND, standing in the middle of SW Main St, just west of 3rd Ave. REULAND and the other individual repeatedly hit Officer 1 and four other officers in the face with lasers. Officer 1 was able to move to a lower floor and use a camera to take photographs of REULAND. While taking the photographs, Officer 1 again witnessed REULAND and the other individual pointing green lasers toward the other officers on the roof. Officer 1 sent the photographs to a PPB Sergeant for distribution to other officers.

8.      After the crowd was dispersed from the area of SW 3rd Ave and SE Main St., Officer 1 followed the crowd and kept track of REULAND. According to a PPB press release, at approximately 12:30 a.m. on June 14, 2020, a group of individuals marched to Mayor Ted Wheeler's residence on SW Jackson St. This group had blocked streets as part of this movement. REULAND was part of this group, and Officer 1 observed REULAND shining a laser at the Mayor's residence and at other homes in the neighborhood. Additionally, Officer 1 witnessed REULAND go to the door of the Mayor's residence. A PPB sound truck also arrived and provided multiple audible warnings to vacate the area.

9.      Another PPB officer (Officer 2) was working in the vicinity of the Mayor's residence and saw REULAND. Officer 2 had reviewed the photographs that Officer 1 had distributed earlier and confirmed that the photographs were of the same individual that Officer 2 saw. Officer 2 approached REULAND and took him into custody. In REULAND's left pants pocket, one laser pointer was located. In REULAND's fanny pack, another three laser pointers were located. Officer 2 conducted tests of several of the laser pointers and discovered that one was green in color. REULAND asked Officer 2 what he was being arrested for and Officer 2

stated that REULAND was being arrested for pointing laser pointers at police officers. REULAND responded "that's not against the law."

10. Officer 1 was able to observe REULAND until he was taken into custody by other PPB officers. After the arrest, Officer 1 responded to PPB's Detective Division where he was able to confirm that REULAND was one of the individuals who he observed shining green lasers at police officers.

11. During a post-*Miranda* interview, REULAND told PPB detectives that he had gone to the Justice Center at about 8:30 p.m. REULAND stated he got out his camera and began to film, and the police began shooting pepper balls toward him. REULAND stated the police announced it was an unlawful assembly and he left. When questioned about whether he was at the Mayor's residence, REULAND initially said "no sir," but later stated that he misspoke and confirmed that he went to the Mayor's residence but asserted did not go on the property.

## Conclusion

12. Based on the foregoing, I have probable cause to believe, and I do believe, that REULAND knowingly, willfully and intentionally obstructed, impeded, and interfered with law enforcement officers who were engaged in the lawful performance of their duties by shining a laser pointer at officers. All of these actions took place during a civil disorder that adversely affected interstate commerce in violation of 18 U.S.C. § 231(a)(3). I therefore request that the Court issue a criminal complaint and arrest warrant for REULAND.

13. Prior to being submitted to the Court, this affidavit was reviewed by Assistant United States Attorney (AUSA) Thomas S. Ratcliffe. AUSA Ratcliffe advised me that, in his

opinion, the affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

### Request for Sealing

14. I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, or otherwise seriously jeopardize an investigation, including the planned arrest of the defendant.

/s/ Dominic Sanchez
Dominic Sanchez
Special Agent, Federal Bureau of Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __10:40am__ on September __4__, 2020.

_____
THE HONORABLE JOLIE A. RUSSO
United States Magistrate Judge

Page 5 – Affidavit of Dominic Sanchez                    USAO Version Rev. April 2018